UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ZACHRY HUNT et al.,<br>　　　Plaintiffs,<br>v.<br>SAFECO INSURANCE COMPANY OF AMERICA,<br>　　　Defendant. | Case No. 2:25-cv-00434-GMN-NJK<br><br>**Order**<br><br>[Docket No. 19] |

Pending before the Court is Plaintiffs' motion for protective order. Docket No. 19. Defendant filed a response in opposition. Docket No. 21. Plaintiffs filed a reply. Docket No. 23. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

**I.    BACKGROUND**

Plaintiffs' suit alleges a breach of contract, breach of the duty of good faith and fair dealing, and breach of Nevada's Unfair Trade Practices Statute, arising from an insurance claim dispute with Defendant. *See generally* Compl., Docket No. 1. Plaintiffs, who at all relevant times had a homeowner's insurance policy with Defendant, were out of town attending a graduation. *See id.* at 18; Docket No. 19 at 2. Upon returning home, Plaintiffs discovered that their home ("the Property") had suffered extensive water damage. *See* Docket No. 1 at 18; Docket No. 19 at 2. Plaintiffs submitted a claim to Defendant for the damage. *See* Docket No. 1 at 18. Defendant sent an independent contractor, American Leak Detection, to the Property to determine the cause of damage. *See id.* at 19; Docket No. 19-1 at 2–9. The independent contractor determined that the cause of damage was a leaking toilet water line, and that there was "water damage in the master bedroom, master bathroom, closet, a/c closet, and exterior of home." Docket No. 19-1 at 8.

Thereafter, a third-party restoration company, Servpro of St. George, obtained approval from Defendant to remediate the Property, and did so. *See* Docket No. 19 at 2; 19-1 at 11–31.

Then, Plaintiffs selected a third-party repair company, BRL Construction Services, to submit an estimate to Defendant for the cost of repairs. *See* Docket No. 19 at 2; 19-1 at 33. After receiving the estimate, Defendant retained an adjuster, Jason Mercer Claims, to inspect the Property. *See* Docket No. 19 at 2; 19-1 at 50–52. The adjuster attributed the origin of the cause of loss to a "long-term leak and seepage at the master bedroom toilet water supply line." Docket No. 19-1 at 51. Based on Mercer's assessment, Defendant largely denied the claim. This litigation ensued following the dispute over the insurance claim for damage to the Property.

On June 20, 2025, Defendant served a request to inspect the Property pursuant to Federal Rule of Civil Procedure 34. Docket No. 19-1 at 54–56. On June 26, 2025, Plaintiffs' counsel objected to Defendant's request for inspection of the Property via email. *See id.* at 58–61. On July 2, 2025, counsel met and conferred over the phone regarding the inspection request, but were not able to resolve the dispute. *See* Docket No. 19 at 3, 14–15. Plaintiffs now seek a protective order preventing Defendant from inspecting the Property. Docket No. 19. Plaintiffs submit that the requested inspection of the Property is not relevant to the facts at issue in the litigation and not proportional to the needs of the case. *See* Docket Nos. 19, 23.

**II.   STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

Parties are permitted to seek discovery of any nonprivileged matter that is relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). District courts enjoy wide discretion in deciding relevancy for discovery purposes.[1] *E.g.*, *Shaw v. Experian Info. Solutions, Inc.*, 306 F.R.D. 293, 296 (S.D. Cal. 2015). To be permissible, discovery must be "relevant to any party's claim or defense." *In re Bard IVC Filters Prods. Liab. Litig.*, 317 F.R.D. 562, 563-64 (D. Ariz. 2016) (discussing impact of 2015 amendments to definition of relevance for discovery purposes).

---

[1] The reliance on the relevance standard for trial encompassed in Rule 401 of the Federal Rules of Evidence is misplaced. Material may be discoverable even if not admissible at trial, Fed. R. Civ. P. 26(b)(1), and relevance for discovery purposes is broader than relevance for trial purposes, *see, e.g.*, *F.T.C. v. AMG Services, Inc.*, 291 F.R.D. 544, 552 (D. Nev. 2013).

Relevance for the purposes of discovery is defined broadly. *See, e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019).

"Proportionality focuses on the marginal utility of the discovery being sought." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (citing *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, 180 F. Supp. 3d 273, 280 n.43 (S.D.N.Y. 2016)). Proportionality is judged based on: (1) the importance of the issues at stake in the action; (2) the amount in controversy; (3) the parties' relative access to relevant information; (4) the parties' resources; (5) the importance of the discovery in resolving the issues; and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1). "At bottom, proportionality is a 'common-sense concept' that should be applied to establish reasonable limits on discovery." *Guerrero v. Wharton*, No. 216CV01667GMNNJK, 2017 WL 7314240, at *2 (D. Nev. Mar. 30, 2017) (quoting *Sprint Comm's Co. v. Crow Creek Sioux Tribal Court*, 316 F.R.D. 254, 263 (D.S.D. 2016)).

A party from whom discovery is sought may move for a protective order. *See* Fed. R. Civ. P. 26(c). For good cause shown, courts may issue a protective order to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *See id.* "The party seeking issuance of a protective order bears the burden of explaining why discovery should be denied." *Swenson v. GEICO Cas. Co.*, 336 F.R.D. 206, 208 (D. Nev. 2020), *objections overruled,* No. 219CV01639JCMNJK, 2020 WL 8871311 (D. Nev. Aug. 26, 2020). To meet this burden, the party seeking the protective order must demonstrate a particular need for protection supported by specific facts. *See id.* (citing *U.S. E.E.O.C. v. Caesars Entm't, Inc.*, 237 F.R.D. 428, 432 (D. Nev. 2006) (citing *Cipollone v. Liggett Grp.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). Courts insist "on a particular and specific demonstration of fact, as distinguished from conclusory statements." *Swenson*, 336 F.R.D. at 208–09 (citing *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, are insufficient." *Swenson*, 336 F.R.D. at 208–09 (citing *Caesars Entm't, Inc.*, 237 F.R.D. at 432). Further, merely showing that discovery may involve some inconvenience or expense is insufficient to obtain a protective order. *See Swenson*, 336

F.R.D. at 209 (citing *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997)).

If a motion for protective order is denied, the court may, on just terms, order that any party or person provide or permit discovery. Fed. R. Civ. P. 26(c)(2).

**III.    ANALYSIS**

This dispute concerns Defendant's request for entry upon Plaintiffs' home "for the purpose of inspection, surveying, and photographing the Property." Docket No. 19-1 at 54. Plaintiffs argue that a protective order is warranted on several grounds, including that: (1) the Property has previously been inspected by Defendant; (2) the request is not proportional to the needs of the case; and (3) the inspection will not result in the discovery of relevant evidence. *See* Docket Nos. 19, 23. Defendant argues that the prelitigation inspections are immaterial, that the inspection seeks relevant information, and that the inspection is proportional. *See* Docket No. 21. Defendant has the better argument.

First, Plaintiffs submit that Defendant has waived the right to inspect the Property by virtue of its denial of coverage after the previous inspections. *See* Docket No. 19 at 5–6. The Court finds no merit in this argument. Previous inspections conducted by Defendant, or by third parties on behalf of Defendant, have no bearing on Defendant's right to inspect the Property during discovery. *See also Campbell v. Mercury Cas. Co.*, No. 17CV618SJFARL, 2018 WL 2869083, at *1 (E.D.N.Y. Apr. 17, 2018) (finding no merit in the argument that defendants waived the right to inspect a home by virtue of their denial of casualty coverage). Defendant correctly asserts that "[t]he purpose of the inspection at issue … is not to process an insurance claim, but to gather evidence for the trial of this matter." Docket No. 23 at 7. While the prelitigation inspections were meant to "determine the amount [Defendant] would pay pursuant to the insurance policy," the inspection at issue "involves a determination of whether the amount [Defendant] paid was correct and, if the amount was incorrect, whether [Defendant] arrived at that amount reasonably." *Id.* Further, Plaintiffs cite to no authority suggesting that claim-handling inspections, whether conducted reasonably or not, bar subsequent inspections during discovery.

Second, Plaintiffs submit that inspection of the Property is not proportional to the needs of the case because Defendant "already determined the value of the loss" and thus "cannot change how it views the amount in controversy." Docket No. 19 at 8. Further, Plaintiffs contend that an additional inspection of the Property amounts to a "means to harass." Docket No. 23 at 5. While the Court is sensitive to the fact that the Property at issue is Plaintiffs' home, Plaintiffs fail to convince the Court that an inspection of the Property is not proportional to the needs of the case. Plaintiffs filed the instant action, thus necessarily subjecting their home to some level of inspection. *Abrogast v. A.W. Chesterton Co.*, No. CV WDQ-14-4049, 2015 WL 13604262, at *2 (D. Md. Oct. 15, 2015). Additionally, in its discretion, the Court finds the burden to Plaintiffs is minimized by limiting the scope of the inspection appropriately. *See Dolezal v. Starr Homes, LLC*, No. 18-2524-JAR-GEB, 2019 WL 2613096, at *4 (D. Kan. June 26, 2019). The parties will be required to meet and confer to establish a convenient date for the inspection, as well as a reasonable time limit for the inspection. Additionally, Plaintiffs submit that the inspection is not proportional because Defendant's resources far exceed theirs. *See* Docket No. 23 at 8. While this may be true, Plaintiffs do not put forth a sufficiently "particular and specific demonstration of facts" to explain why the inspection is not proportional. *Swenson*, 336 F.R.D. at 208–09 (citing *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989)). A bald assertion of disproportionality is not sufficient to obtain a protective order. *See On Demand Direct Response, LLC v. McCart-Pollak*, No. 215CV01576MMDNJK, 2018 WL 2014067, at *3 (D. Nev. Apr. 30, 2018) (citing *Lima LS PLC Nassau Reinsurance Grp. Holdings, L.P.*, 160 F. Supp. 3d 574, 579 n.1 (S.D.N.Y. 2015)). Plaintiffs have failed to demonstrate how Defendant inspecting, surveying, and photographing the Property is burdensome or unreasonable. *See also Abrogast v. A.W. Chesterton Co.*, No. CV WDQ-14-4049, 2015 WL 13604262, at *2 (D. Md. Oct. 15, 2015) (finding that plaintiffs did not demonstrate how taking measurements, recording observations, or taking photographs and/or videos of areas accessible through existing access points creates an undue burden."). Accordingly, the Court finds the requested inspection proportional to the needs of the case.

Third, Plaintiffs submit that the inspection will not result in the discovery of relevant information for Plaintiffs' claims or Defendant's affirmative defenses. *See* Docket No. 19. at 8–12. Both arguments fail to persuade the Court. As to Plaintiffs' claims, the existence and amount of damages suffered are important issues. An inspection of the Property during discovery may reveal information regarding whether the previous inspections and cost estimates of the Property were accurate. This is true whether the Property has been repaired or remains damaged. The inspection may result in evidence showing the extent of any damages or repairs, which is relevant to assessing the cost of such repairs or damages. The inspection also seeks relevant information as it pertains to Plaintiffs' breach of contract and bad faith claims, as well as Defendant's affirmative defenses, because each of these issues involves questions as to whether Defendant properly performed under the insurance policy and during the initial investigation. While Plaintiffs contend that these claims are to be adjudicated based on what Defendant did, or did not do, during the pendency of the claims, an inspection of the Property may reveal information which allows both parties to evaluate the reasonableness of Defendant's performance and investigation. The inspection may provide evidence as to the extent of damages or repairs to the Property, allowing Defendant to compare what it considered, or did not consider, during the previous inspections with the information it uncovered during the inspection. This comparison of evidence goes directly to the question of the reasonableness of previous inspections. Accordingly, the Court finds that the inspection requested is relevant to the issues presented.

## IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiffs' motion for protective order. Docket No. 19. The parties are **INSTRUCTED** to meet and confer no later than September 5, 2025, to establish a convenient date and time limit for the inspection.

IT IS SO ORDERED.

Dated: August 29, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge